# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DEBBIE D. BACK,<br>  Plaintiff, | Case No. 1:09-cv-469 |
| vs. | Chief Judge Susan J. Dlott<br>Magistrate Judge Timothy S. Black |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>  Defendant. | |

## REPORT AND RECOMMENDATION[1] THAT THIS MATTER BE REMANDED TO THE ALJ, UNDER THE SIXTH SENTENCE OF 42 U.S.C. §405(g), FOR FURTHER ADMINISTRATIVE ACTION

Defendant moved to remand this case pursuant to sentence six of Section 205(g) of the Social Security Act.[2] (Doc. 5). Sentence six of Section 205(g) provides in relevant part: "[t]he Court may, on motion from the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). The Joint Conference Committee of Congress, in commenting upon the 1980 Amendments to the Act, stated that in some cases procedural difficulties necessitate, and therefore constitute, "good cause" for remand under sentence six. The Committee stated:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendant's motion for remand is unopposed.

> there are sometimes procedural difficulties which prevent the Secretary from providing the Court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example . . . the claimant's <u>files cannot be located</u> or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the Courts may review under 205(g) of the Act.

P.L. 96-265, Social Security Disability Amendments of 1980, House Conference Report No. 96-944, 96th Cong., 2d Sess. 59 (May 13, 1980) (emphasis added). *See also, Caffrey v. Astrue*, No. 5:09cv427, 2009 U.S. Dist. LEXIS 44566, at *2 (N.D. Ohio May 26, 2009) (remanding under sentence six of 42 U.S.C. § 405(g) because ALJ's claim files could not be located and Defendant needed to reconstruct the file).

Defendant sets forth the following as the basis for remand

> [T]he Commissioner's Appeals Council wishes remand to review the materials submitted by the claimant's representative and, if all the materials including the hearing recording are complete, the certified administrative record will be prepared. If not, the Appeals Council will remand the case to an administrative law judge for reconstruction of the administrative record and to hold another hearing and issue a new decision. The Office of Disability and Adjudication and Review could not locate the claim file of the Administrative Law Judge's decision dated November 21, 2006 and the recording of the hearing held on February 23, 2006, could not be located and therefore, an administrative record could not be prepared.

(Doc. 5 at 2).

Accordingly, the undersigned finds that Defendant has established "good cause" for remand under sentence six of 42 U.S.C. § 405(g) and therefore **RECOMMENDS** that this case be remanded for further administrative action pursuant to that portion of the Act.

Date:  October 7, 2009                                           s/ Timothy S. Black
                                                                                                   Timothy S. Black
                                                                                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DEBBIE D. BACK,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:09-cv-469

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **10 days** after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **13 days** (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **10 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).